## MASSACHUSETTS *v.* WESTCOTT

No. 75-1775. Argued January 17, 1977—Decided May 23, 1977

PER CURIAM.

Respondent Westcott was arrested for violating a Massachusetts statute that prohibits nonresidents of the Commonwealth of Massachusetts from dragging for fish by beam or otter trawl in Vineyard Sound during July, August, and September.[1]   After he was found guilty, he pursued his right to *de novo* review and filed a motion to dismiss the complaint.   The Massachusetts Supreme Judicial Court granted direct appellate review and ordered the complaint dismissed on the ground that the statute violated the Privileges and Immunities Clause

---

[1] The Act of Feb. 20, 1923, c. 35, 1923 Mass. Acts 17, as amended by the Act of Mar. 13, 1962, c. 219, 1962 Mass. Acts 107:

"It shall be unlawful during the months of July, August and September for any person who has not been a legal resident of this commonwealth during the preceding year to use beam or otter trawls to drag for fish in that part of the waters of Vineyard Sound lying in the towns of Chilmark, Gay Head and Gosnold, and included between an imaginary line running from the extreme western point of Gay Head to the extreme western point of Nashawena island and another imaginary line running from Cape Higgon to Tarpaulin Cove Light.   Violation of this act shall be punished by a fine of not less than five hundred nor more than one thousand dollars."

of the United States Constitution, Art. IV, § 3, cl. 2. 344 N. E. 2d 411. We granted certiorari. 429 U. S. 815 (1976).

Our decision today in *Douglas* v. *Seacoast Products, Inc., ante,* p. 265, suggests that there may be a statutory basis to provide respondent the relief he seeks, thereby making it unnecessary to decide the constitutional question presented. *Douglas* holds that federal law pre-empts the States from denying vessels that are federally enrolled and licensed for the fisheries the right to fish in state waters on the same terms as state residents. Respondent's vessel is federally enrolled and licensed "to be employed in carrying on the mackerel fishery," the same license that was held by appellees in *Douglas.*[2] In accordance with our longstanding principle of deciding constitutional questions only when necessary, *Hagans* v. *Lavine,* 415 U. S. 528, 543 (1974); *Ashwander* v. *TVA,* 297 U. S. 288, 347 (1936) (Brandeis, J., concurring), we decline to decide the privileges and immunities question presented in this case, and vacate the judgment and remand the case for further consideration in light of *Douglas.* See *McGoldrick* v. *Compagnie Generale Transatlantique,* 309 U. S. 430 (1940).

*It is so ordered.*

JUSTICE REHNQUIST concurs in the judgment on the authority of *Douglas* v. *Seacoast Products, Inc., ante,* p. 265.

---

[2] The fact that respondent holds such a license has been ascertained from the records of the Merchant Vessel Documentation Division of the Coast Guard. These records may be judicially noticed. See, *e. g., Bowles* v. *United States,* 319 U. S. 33 (1943); *Tempel* v. *United States,* 248 U. S. 121 (1918); *Jones* v. *United States,* 137 U. S. 202 (1890); cf. Fed. Rule Evid. 201 (b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). The parties were given an opportunity to comment on the propriety of our taking notice of the license, and both sides agreed that we could properly do so. See supplemental briefs filed by the parties.