983 F.2d 1074
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard A. WEEK, Plaintiff-Appellant,
v.
CAYMAN ISLANDS, Richard Ground, Alan J. Scott, et. al.,
Defendants-Appellees.
 No. 91-2965.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1992.*
Decided Dec. 16, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard A. Week appeals from a judgment of the district dismissing his complaint for lack of subject-matter jurisdiction under 28 U.S.C. § 1604. Although on appeal Week cites a number of cases not discussed in the district court's Memorandum and Order, none of these authorities undermines the court's analysis, which we find to be sound. Thus, for the reasons stated in the attached district court Memorandum and Order,[1] the judgment of the district court dismissing Week's complaint and all claims contained therein is
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 
 3
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF WISCONSIN
 
 4
 RICHARD A. WEEK, Plaintiff,
 
 
 5
 v.
 
 
 6
 CAYMAN ISLANDS, a foreign state; RICHARD GROUND, Attorney
 
 
 7
 General of Cayman Islands; ALAN J. SCOTT, The Governor of
 
 
 8
 Cayman Islands; THOMAS C. JEFFERSON, Financial Secretary of
 
 
 9
 Cayman Islands; LEMUEL HURLSTON, Administrative Secretary
 
 
 10
 of Cayman Islands; BENSON O. EBANKS, O.B.E.; NORMAN
 
 
 11
 BODDEN, O.B.E., J.P.; LINFORD PIERSON, J.P.; and EZZARD
 
 
 12
 MILLER, Legislator, Defendants.
 
 
 13
 No. 91-C-239-S.
 
 
 14
 July 15, 1991.
 
 MEMORANDUM and ORDER
 
 15
 On March 8, 1991 plaintiff Richard Week commenced this civil action claiming he was deprived of his property in the Cayman Islands by the defendants. Defendants have filed a motion to dismiss plaintiff's complaint for the following reasons: 1) lack of personal jurisdiction; 2) lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1604; 3) immunity from suit under the act of state doctrine; 4) lack of venue; 5) failure to state a claim upon which a relief may be granted and failure to plead fraud with the requisite particularity and 6) all applicable statues of limitations have expired. This motion has been fully briefed and is ready for decision.
 
 FACTS
 
 16
 For the purpose of deciding defendants' motion to dismiss the facts alleged in plaintiff's complaint are assumed to be true. See Webster v. New Lenox School Dist. No. 122, 917 F.2d 1004, 1005 (7th Cir.1990.)
 
 
 17
 Plaintiff Richard A. Week is an adult resident of Madison, Wisconsin. At all times relevant to this complaint he was the President of a corporation known as Cayman Islands Estates Limited.
 
 
 18
 The defendant Cayman Islands, a dependent territory of the United Kingdom, is a foreign state. Defendant Richard Ground is the Attorney General of the Cayman Islands and defendant Alan J. Scott is the Governor. Defendant Thomas C. Jefferson is the Financial Secretary of the Cayman Islands and defendant Lemuel Hurlston is the Administrative Secretary. Defendants Benson O. Ebanks, Norman Bodden, Linford Pierson and Ezzard Miller are members of the Cayman Islands legislature.
 
 
 19
 From May 1970 until December 6, 1977 Cayman Islands Estates Limited owned a parcel of land in the Cayman Islands having a fair market value of $6,101,000.00. On December 6, 1977 the Cayman Islands Government unlawfully declared that Cayman Islands Estates Limited was a corporation in bad standing for not filing annual reports. The government then terminated the legal existence of the corporation without any notice to the plaintiff.
 
 
 20
 The Cayman Islands Government then unlawfully declared that all right, title and interest in the land returned to the Cayman Islands. The government took the land without providing the plaintiff any notice or compensation. The shareholders and directors of the corporation who were deprived of their Cayman Islands property lived in the United States. Prior to the unlawful taking of the land, the Cayman Islands Government intentionally abused its discretion in denying the Cayman Islands Estates Limited permission to develop its land in order to depress the fair market value of the land.
 
 
 21
 The defendant officials of the Cayman Islands conspired with each other to gain control of the plaintiff's property and to defraud him of his rights in the property. They also conspired to deprive him of the right to develop the land.
 
 The relevant statutes follow:
 
 22
 28 U.S.C. § 1604. Immunity of a foreign state from jurisdiction
 
 
 23
 Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and the States except as provided in sections 1605 to 1607 of this chapter.
 
 
 24
 28 U.S.C. § 1605. General exceptions to the jurisdictional immunity of a foreign state
 
 
 25
 (a) A foreign state shall not be immune from the jurisdiction of the courts of the United States or of the States in any case--
 
 
 26
 * * *
 
 
 27
 (2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;
 
 
 28
 (3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in commercial activity in the United States;
 
 
 29
 * * *
 
 
 30
 (5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; ...
 
 OPINION
 
 31
 The initial question is whether this Court has jurisdiction over plaintiff's claim against the Cayman Islands and its officials. Plaintiff concedes that his service of the defendants was inadequate pursuant to 28 U.S.C. § 1608(a). Accordingly this Court does not have personal jurisdiction over the defendants. Plaintiff argues that the proper remedy would be to provide him a second chance to effect proper service rather than dismissing his complaint. However, it would be a waste of judicial resources to allow plaintiff this opportunity if the Court would still not have subject matter jurisdiction. Alberti v. Empresa Nicaraguense De La Carne, 705 F.2d 250, 253 (1983).
 
 
 32
 Subject matter jurisdiction of a claim against a foreign state is expressly conditioned on a finding that the defendants are not entitled to sovereign immunity under 28 U.S.C. § 1604. Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480 (1983). The individual defendants in this action are sued in their official capacities. As instrumentalities of the foreign sovereign they are the same as the sovereign for purposes of immunity. Chuidian v. Philippine Nat. Bank, 912 F.2d 1095, 1103 (9th Cir.1990).
 
 
 33
 There are exceptions to sovereign immunity. 28 U.S.C. § 1605. A foreign state shall not be immune from suit where it engages in commercial activity that causes a direct effect in the United States. 28 U.S.C. § 1605(a)(2). A foreign state taking property in the United States in violation of international law while conducting commercial activity is not immune from suit. 28 U.S.C. § 1605(a)(3). Sovereign immunity also does not apply to a foreign state or official committing a tort in the United States. 28 U.S.C. § 1605(a)(5).
 
 
 34
 For the foreign sovereign and its officials to be immune from suit under 28 U.S.C. § 1605(a)(2), the sovereign must engage in commercial activity which has a direct effect in the United States. The statute's legislative history provides examples of commercial activity: a "foreign government's sale of a service or product, its leasing of property, its borrowing of money, its employment or engagement of laborers, clerical staff or public relations or marketing agents or its investment in the security of an American corporation." H.R.Rep. No. 1487, 94th Cong., 2d Sess., reprinted in 1976 U.S. Cong. & Ad.News 6604, 6615.
 
 
 35
 To determine whether the sovereign's actions constitute commercial activity an important inquiry is whether a private person could have engaged in similar conduct. Rush-Presbyterian-St. Luke's Center v. Hellenic Rep., 877 F.2d 574, 578 (7th Cir.1989). The Court stated:
 
 
 36
 If a private person could have engaged in the same type of activity, then the sovereign has presumptively engaged in "commercial activity" within the meaning of the FSIA; however, if no private party could have engaged in the challenged conduct, then the conduct is a sovereign act and the foreign state is immune from suit.
 
 
 37
 Id.
 
 
 38
 Plaintiff claims that the defendants unlawfully dissolved his corporation for not filing annual reports and took the corporation's land without any compensation. He also claims that the defendants improperly denied the corporation permission to develop its land.
 
 
 39
 The chartering, oversight and regulation of companies are core governmental functions. No private person can engage in such inherently governmental functions. Plaintiff argues that the sale of the land by the defendants after acquisition could have been engaged in by a private party. However, the sale of the land is not the action taken by the defendants which forms the basis of plaintiff's complaint. Plaintiff claims that the defendants' regulation of the plaintiff's corporation and subsequent taking of the land after dissolving the corporation were unlawful. These actions are not commercial activity but rather governmental functions entitled to immunity under 28 U.S.C. § 1605(a)(2). Alberti, 705 F.2d at 254.
 
 
 40
 Even had the Cayman Islands and its officials engaged in commercial activity, plaintiff has not alleged that the defendants' actions had a direct effect in the United States as required by the statute. In Rush-Presbyterian-St. Luke's Center, 877 F.2d at 581-581, the Court defined direct effect to mean that the foreign state had performed a legally significant act in the United States. Financial injury to an American corporation is insufficient to constitute direct effect. Id.
 
 
 41
 The Cayman Islands and its officials did not perform any legally significant acts in the United States. Plaintiff's argument that financing for the Cayman Islands Estates Limited occurred in the United States does not indicate that the defendants performed any acts in the United States.
 
 
 42
 Plaintiff claims that the defendnats took his property in violation of international law which would make them liable for suit under 28 U.S.C. § 1605(a)(3). A foreign state can be held liable if it takes property in the United States in violation of international law while engaging in commercial activity. The Cayman Islands and its officials did not engage in commercial activity in the United States and the property is not located in the United States. Accordingly, this statutory exception to sovereign immunity does not apply to the defendants' actions.
 
 
 43
 Plaintiff claims that the defendants committed a tort against him by taking his property and cannot claim sovereign immunity according to 28 U.S.C. § 1605(a)(5). This statutory exception applies only where th etort occurs in the United States. Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 439-440. Plaintiff's property was allegedly taken in the Cayman Islands and 28 U.S.C. § 1605(a)(5) is inapplicable.
 
 
 44
 Defendants are entitled to sovereign immunity under 28 U.S.C. § 1604. Accordingly, plaintiff's complaint against them must be dismissed for lack of subject matter jurisdiction.
 
 
 45
 Since this Court does not have jurisdiction over plaintiff's claim, it does not reach the issue whether plaintiff's recovery is precluded by the act of state doctrine. Alberti, 705 F.2d at 256-257. It is also unnecessary to address the remaining grounds of defendants' motion to dismiss.
 
 ORDER
 
 46
 IT IS ORDERED that defendants' motion to dismiss for lack of personal and subject matter jurisdiction is GRANTED.
 
 
 47
 IT IS FURTHER ORDERED that judgment is entered in favor of the defendants and against the plaintiff DISMISSING his complaint and all claims contained therein with prejudice and costs.
 
 BY THE COURT:
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). The appellees filed a statement urging that we decide the appeal without oral argument. Upon consideration of that statement, the briefs and the record, the request for oral argument is denied, and the appeal is submitted on the briefs and record
 
 
 [1]
 We note the district court stated that "[f]or the foreign sovereign and its officials to be immune from suit under 28 U.S.C. § 1605(a)(2), the sovereign must engage in commercial activity which has a direct effect in the United States." Memorandum and Order at 5. In fact, § 1605(a)(2) provides an exception to immunity when the foreign sovereign engages in commercial activity that has a direct effect in the United States. However, from the district court's analysis, it is clear that the court understood § 1605(a)(2), but simply erred when initially explaining its meaning