**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4770**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DENNIS DARNELL STURDIVANT,

Defendant - Appellant.

**No. 19-4772**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DENNIS DARNELL STURDIVANT,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:19-cr-00158-FDW-DSC-1; 3:08-cr-00187-FDW-DCK-1)

Argued: December 7, 2020                    Decided: January 7, 2021

Before GREGORY, Chief Judge, MOTZ, and HARRIS, Circuit Judges.

Vacated and remanded with instructions by unpublished opinion.  Chief Judge Gregory wrote the opinion, in which Judge Motz and Judge Harris joined.

**ARGUED:** Leslie Carter Rawls, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.  **ON BRIEF:** William T. Stetzer, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Chief Judge:

In this appeal, we consider whether Dennis Darnell Sturdivant can demonstrate that he received ineffective assistance of counsel. At sentencing, Sturdivant's counsel chose to waive a meritorious objection on the mistaken belief that it would make no difference to his client's sentencing exposure. As a result, Sturdivant was sentenced to serve around 8 to 10 years longer than he should have been. Because counsel's waiver was based on a fundamental misunderstanding of law and was thus "quintessential[ly]" unreasonable, *United States v. Carthorne*, 878 F.3d 458, 466 (4th Cir. 2017), we hold that counsel was ineffective, vacate Sturdivant's sentence, and remand this case for resentencing.

**I.**

The appellant pleaded guilty to and was sentenced for charges related to the distribution and possession of fentanyl while he was on supervised release for a federal drug conviction related to possession with intent to distribute cocaine. In its presentence report related to the fentanyl charges, the government sought a career offender enhancement based on Sturdivant's prior federal conviction and on a 2005 state conviction for possession with intent to distribute cocaine. Because this state sentence was an 11- to 14-month variable sentence, it was an offense "punishable by imprisonment for a term exceeding one year" within the meaning of the career offender enhancement. *See* U.S.S.G. § 4B1.2(b). Based solely on this enhancement, Sturdivant's criminal history category was increased from category IV to category VI. U.S.S.G § 4B1.1(b). Sturdivant's total offense level also increased dramatically, as did his sentencing exposure.

3

But the 2005 state sentence was unconstitutionally enhanced. In fact, Sturdivant should have been sentenced in state court to a maximum of 10 to 12 months. And without this predicate conviction to support the career offender enhancement, Sturdivant's sentencing exposure was 70 to 87 months. *See* U.S.S.G. ch. 5, pt. A (Sentencing Table).

Prior to sentencing, Sturdivant's retained attorney informed the court that the 2005 sentence might not be a valid predicate for the career offender enhancement. He initially objected to the presentence report on that basis, among others. He wrote in August 2019 that he was "investigating this conviction (PWISD Cocaine in Mecklenburg County Superior Court) and whether the sentence was improperly enhanced"; said that he had "requested documentation from the clerk's office"; and promised to "provide an update if there are issues with the conviction."

Yet at his client's sentencing hearing on September 18, 2019, he waived the objection. He told the district court: "I don't think anything is going to impact the guideline range that we're dealing with here, so I don't know that we necessarily need to go forward with [the objections]." He specifically (and incorrectly) told the court that "even if" Sturdivant was not classified as a career offender, it would not change Sturdivant's sentencing exposure. Based on these statements, the district court dismissed Sturdivant's objection as "moot," because it would not affect the Guideline range. The court sentenced Sturdivant to 188 months' imprisonment and 4 years' supervised release. Sturdivant timely noted these appeals. Within months of being sentenced, and in response to a motion by Sturdivant's counsel signed one week after Sturdivant's sentencing hearing, the North Carolina court vacated Sturdivant's state court sentence because it was

4

unconstitutionally enhanced and resentenced him, *nunc pro tunc*, to a 10- to 12-month sentence.[*] Because this sentence did not exceed one year, it would not be an available predicate for the career offender enhancement. *See* U.S.S.G. § 4B1.2(b).

## II.

Criminal defendants have a right to the effective assistance of counsel, including at sentencing. U.S. Const. amend. VI; *Lafler v. Cooper*, 566 U.S. 156, 165 (2012). Counsel is constitutionally ineffective where his representation falls below objective standards of reasonableness and where there is "a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

Reviewing courts are "highly deferential" to counsel's strategic decisions, which should be judged on the facts of a given case and from counsel's perspective at the time. *Id.* at 689–90. But a decision cannot be considered "tactical" where "it made no sense or was unreasonable." *Vinson v. True*, 436 F.3d 412, 419 (4th Cir. 2006). Counsel is "quintessential[ly]" deficient when he does not know the law that is fundamental to his

---

[*]At oral argument, Sturdivant's counsel stated that she was not sure whether the attorney's motion was appropriate to include in an addendum to her brief because it was not a court order. While our decision does not rise or fall on the motion, and while we agree that the motion is not part of the record on appeal, this Court can certainly take judicial notice of the date of the public court filing and the identity of the attorney who filed it, which are matters of public record. *See Massachusetts v. Westcott*, 431 U.S. 322, 323 n.2 (1977); *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

case and fails to conduct research on highly relevant points of law. *Carthorne*, 878 F.3d at 466.

Sturdivant's ineffective assistance of counsel claim is made on direct appeal and therefore has never been litigated in the trial court. We review it de novo, but will provide relief on this basis only if it "conclusively appears in the trial record itself that the defendant was not provided . . . effective representation." *United States v. Fisher*, 477 F.2d 300, 302 (4th Cir. 1973); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). The government objects that the appropriate time to address whether Sturdivant's counsel was ineffective is in a habeas proceeding. This is ordinarily true, because such a proceeding provides an opportunity for counsel to explain otherwise-unexplained actions. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). For example, if (as here), "the alleged error is one of commission, the record may reflect the action taken by counsel but not the reasons for it." *Id.* at 505. In this case, however, counsel stated his reason for withdrawing the crucial objection in court and on the record: He thought that the objection didn't matter.

"An attorney's failure to object to an error in the court's guidelines calculation that results in a longer sentence for the defendant can demonstrate constitutionally ineffective performance." *Carthorne*, 878 F.3d at 467 (quoting *Ramirez v. United States*, 799 F.3d 845, 855 (7th Cir. 2015)). And "in most cases, when a district court adopts an incorrect Guidelines range, there is a reasonable probability that the defendant's sentence would be different absent the error." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1341 (2016). Here, counsel did more than fail to object; he withdrew a meritorious objection on the basis of a fundamental misunderstanding of his client's sentencing exposure and the

6

Guidelines calculation in his client's presentence report. His decision to withdraw the objection could not have been tactical, because it "made no sense." *Vinson*, 436 F.3d at 419.

The government argues that it is not possible to tell on the face of this record whether counsel knew for certain at the time of sentencing about the deficiency in the predicate conviction or what would have happened had he raised the issue. Therefore, it concludes, Sturdivant cannot establish prejudice. But the prejudice inquiry concerns whether Sturdivant suffered harm as a result of counsel's actions. It is not to guess what would have happened had counsel not withdrawn his objection to the career offender enhancement, nor to imagine what a district court may have done in an alternative universe where counsel was effective. Furthermore, development of the record on habeas would provide no information more useful than what this Court already has before it: an explanation by counsel on the record that reflects counsel's reasoning for withdrawing the objection at the time.

Sturdivant's attorney missed a "discrete, purely legal issue": that the objection, if successful, would have made a significant difference to his client's sentencing exposure. *See Carthorne*, 878 F.3d at 467 (internal quotation marks omitted). He did so on an issue where the law "could not be more pellucid and applicable," and his ignorance of it "denie[d] adequate representation." *Id.* His decision also plainly prejudiced his client, who was subsequently sentenced to 188 months instead of the 70- to 87-month sentence he ought to have received had the objection not been waived. Because counsel's performance was both unreasonable and prejudicial, we agree with Sturdivant that he

7

received constitutionally ineffective assistance at sentencing. *See Strickland*, 466 U.S. at 687–88, 694. Accordingly, we vacate his sentence and remand the case to the district court for resentencing consistent with this opinion.

*VACATED AND REMANDED WITH INSTRUCTIONS*