**Robert A. SHUPACK, Plaintiff-Appellant,**

v.

**Fred GROH, Special Agent, Intelligence Division, Internal Revenue Service, et al., Defendants-Appellees.**

No. 74–1855

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 9, 1974.

Eugene M. Short, Jr., Coral Gables, Fla., for plaintiff-appellant.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Robert W. Rust, U. S. Atty., Robert N. Reynolds, Asst. U. S. Atty., Miami, Fla., John P. Hines, U. S. Dept. of Justice, Scott P. Crampton, Asst. Atty.Gen., Meyer Rothwacks, Chief, App. Sec., Tax Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

Shupack's suit sought (1) to quash an Internal Revenue Service summons which had been served upon him; (2) to compel the agents of the Service to recognize him as the legal representative of the husband taxpayer, and (3) to recover actual and exemplary damages from the agents who had served the summons. The district court dismissed the suit and Shupack appealed. We affirm.

■ Whether the district court erred in refusing to quash the summons is moot because Shupack subsequently complied with the summons. The court is without power to decide an issue that cannot affect the rights of the litigants. North Carolina v. Rice, 1971, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413. In any event, the enforcement proceeding provided for in §§ 7402(b) and 7604(a) and (b) of the Internal Revenue Code provides an adequate remedy at law to contest an Internal Revenue summons so that an injunctive action to quash the summons is subject to dismissal for want of equity. Reisman v. Caplin, 1964, 375 U.S. 440, 84 S.Ct. 508, 11 L. Ed.2d 459.

■■ The district court refused, and properly so, to compel the Service to recognize Shupack as taxpayer's legal representative since the Service had done so and there was nothing to indicate that it would not continue to do so. The taxpayer had filed joint returns for the years in question, but the power of attorney initially filed contained only the signature of the husband and not his wife. In such circumstances, under the Statement of Procedural Rules, Internal Revenue Service § 601.504(b)(ii), both the husband and wife must sign the power of attorney unless one spouse is authorized to sign for the other. Subsequently both taxpayers signed and filed a power of attorney, whereupon the Service recognized Shupack as taxpayer's legal representative and indicated that it would continue to so recognize him. The filing of the jointly executed power of attorney also moots this issue.

■ Finally, the district court found that the summons was served upon Shupack in good faith and prior to a recommendation for criminal prosecution. Not only is this finding not clearly erroneous, it is fully supported by the record. Donaldson v. United States, 1971, 400 U.S. 517, 91 S.Ct. 534, 27 L. Ed.2d 580. It follows that Shupack is not entitled to recover damages for abuse of process.

Affirmed.