Jack McRAE, Petitioner-Appellant,

v.

Marvin HOGAN, Warden, and United States of America, Respondents-Appellees.

No. 76–2832.

United States Court of Appeals, Fifth Circuit.

July 13, 1978.

---

Jack McRae, pro se.

Gary N. Freeman, Marietta, Ga. (Court Appointed not under Act), Nisbet S. Kendrick, III, Marietta, Ga., for petitioner-appellant.

John W. Stokes, Jr., U. S. Atty., Richard A. Horder, William E. Turnipseed, Asst. U. S. Attys., Atlanta, Ga., for respondents-appellees.

Before GOLDBERG, GODBOLD and SIMPSON, Circuit Judges.

PER CURIAM:

On December 13, 1972, appellant McRae was convicted of first degree burglary in violation of 22 D.C.Code § 1801(a) and sentenced to four to twelve years imprisonment. He was initially incarcerated in the District of Columbia Correctional Facility at Lorton, Virginia, but, on order of the Attorney General, was transferred into the federal penal system. In 1975, while at the United States Federal Penitentiary in Atlanta, Georgia, McRae, acting *pro se,* filed several "motions" in the United States District Court for the Northern District of Georgia challenging the denial of his request for transfer to another prison facility where he could be placed in the type of work-release program available to inmates at Lorton. The procedural history of these "motions" is unusually complex and need not be recited here, except to note that the district court ultimately denied relief to McRae.

McRae, again acting *pro se,* timely appealed to this Court, but his briefs were of limited value in defining and arguing the issues on appeal. On September 6, 1977, we ordered that counsel be appointed to represent McRae in his appeal. In concluding a more helpful supplemental brief on behalf of his client, counsel for McRae stated: "The only appropriate relief available in the case at bar is to order the respondent herein to show cause why the appellant should not be immediately transferred to the Lorton Reformatory and there allowed to serve the remainder of his sentence". Supplemental Brief of Appellant at 11–12.[1] After hearing oral argument in this case on January 31, 1978, we were informed by McRae's counsel that McRae had been transferred to the Lorton Reformatory on February 11, 1978, pursuant to an order by the Warden of the United States Penitentiary in Atlanta dated January 23, 1978.[2] Hence, McRae

---

1. In his letter to the Court acknowledging McRae's transfer to Lorton, counsel for McRae argued that this case is not moot because "authorities at the Lorton Reformatory have refused to re-evaluate Mr. McRae for parole according to District of Columbia regulations". "The appellant therefore modifies his request for relief to include a complete parole eligibility evaluation by the District of Columbia parole authorities according to their regulatory guide-lines". Assuming arguendo that there is merit in these allegations, this is clearly not the forum to consider them.

2. Although it is not a part of the record in this case, this order is an official record subject to judicial notice on appeal. Fed.R.Evid. 201(b) and (f); *Massachusetts v. Westcott,* 431 U.S. 322, 323 n. 2, 97 S.Ct. 1755, 1756 n. 2, 52 L.Ed.2d 349 (1977). We reproduce this order as an appendix.

has received the relief he sought prior to our disposition of his appeal.

The transfer of McRae to the Lorton Reformatory mooted this case.[3] The governing legal principles were stated by this Court in *Concerned Citizens of Vicksburg v. Sills,* 567 F.2d 646, 649 (5th Cir. 1978):

Because the judicial power conferred by Article III of the Constitution depends upon the existence of "Cases" or "Controversies", federal courts lack authority "to decide moot questions or abstract propositions" or issues "that cannot affect the rights of litigants in the case before them". *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). *See also Shupack v. Groh,* 498 F.2d 675 (5th Cir. 1974); *Armendariz v. Hershey,* 413 F.2d 1006 (5th Cir. 1969). Furthermore, "an actual controversy must exist at stages of appellate or certiorari review, and not simply at the date the action is initiated". *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973).

Our jurisdiction to decide any issues arising out of McRae's incarceration in a Federal penitentiary for violation of the District of Columbia Code ended when McRae was transferred to a District of Columbia prison.

In accordance with these conclusions, we vacate the district court's orders of September 4, 1975 and May 19, 1976, and remand with directions that the case be dismissed as moot. See *National Lawyers Guild U. of Tex. Ch. v. Board of Regents,* 490 F.2d 97 (5th Cir. 1974); *United States v. West Gulf Maritime Association,* 460 F.2d 1231 (5th Cir. 1972).

VACATED and REMANDED, with directions.

APPENDIX

Record Form 2–20 Revised
Stock No. 19S–2–20

UNITED STATES DEPARTMENT OF JUSTICE
UNITED STATES PENITENTIARY
ATLANTA, GEORGIA 30315

In accordance with the authority delegated to me by the Director of the Bureau of Prisons on January 12, 1967, I hereby order the transfer of ___MC RAE, Jack W.___     ___29874–138___
                                                                                                    (Name)                          (Register No.)
from the United States Penitentiary, Atlanta, Georgia to ·   .
D. C. Department of Corrections                                             Washington, D. C.
(Name of Institution)                                                         (City and State)

Transfer Ordered___January 23, 1978___
                                 (Date)

_WARDEN_

3. In *Vitek v. Miller,* —— U.S. ——, 98 S.Ct. 2276, 56 L.Ed.2d 766 (1978), the plaintiff, Larry Jones, challenged the constitutionality of a state statute which authorized the transfer of a state prisoner, without his consent, to a state mental hospital upon specified findings by a physician or psychiatrist. During the pendency of the appeal, Jones was granted parole and allowed to receive in-patient psychiatric care, which he elected to do. The Supreme Court vacated the judgment of the district court and remanded the case "for consideration of the question of mootness". A similar remand in this case would serve *no purpose* because the specific relief requested by McRae in his supplemental brief has been obtained. There is thus no need for further consideration by the district court.

APPENDIX—Continued

Pursuant hereto, I have this 11 day of Feb. 1978, 19__, executed the above order and committed the prisoner to the institution indicated.

Name _____

Title _____

DcDc170-724

Distribution: Per Policy Statement
2–28–69 – 7300.13

Reason: 329 (D. C. Prisoner Returning to D. C. Custody)

1. Original to receiving institution to be executed at final destination. (Attach to Judgment & Commitment).
2. Copy for receiving institution, (Inmate's file).
3. Bureau Copy. (Submit by institution when originally approved.)