United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 02-21091

DAVID CROOKS,

Plaintiff-Appellant,

versus

TOMMY THOMAS; GIRARD FINCH; KENNETH LARRAMORE,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(H-01-CV-3725)

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Crooks, proceeding *pro se*, appeals the summary judgment against his 42 U.S.C. § 1983 civil rights action, maintaining he did not receive the underlying motion. Any notice inadequacies constitute harmless error. **AFFIRMED.**

I.

Crooks' complaint claimed: Defendants (sheriff and two deputy sheriffs for Harris County, Texas) violated his civil rights by failing to move him from a cell he shared with Hispanics; despite

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Crooks' repeated complaints to guards that the Hispanics were harassing him because he was the only black inmate in the cell, Defendants refused to intervene; Crooks was severely beaten by his Hispanic cellmates; and Defendants tried to hide the beating by reporting it as a riot Crooks instigated.

Crooks filed this action on 30 October 2001, listing his address as "9223 Clearway, Houston, TX, 77033 but is incarsarated [*sic*] in 701 N. San Jacinto, 7K1, Houston, TX, 77002". Approximately three weeks later, by letter to the district court, Crooks advised he had been "transferred to an [*sic*] T.D.C. Facility, specifically Garza West. Send All Notices and letter [*sic*] (ETC) to Garza West, TF, HCO2, Box 995, Beeville TX 78102".

On 1 February 2002, the district court ordered that summonses issue for Defendants. The summonses listed Crooks' earlier provided alternative address as 701 N. San Jacinto, despite the district court's receipt of Crooks' change of address letter.

On 7 March 2002, Defendants filed a motion to dismiss and served it on Crooks at the N. San Jacinto *and* Clearway addresses. The service was returned not delivered from the N. San Jacinto address; on the other hand, it appears that Crooks' mother, Mary Crooks, signed for receipt of the motion at the Clearway address. (Defendants have provided the form signed by Mary Crooks only in their record excerpts. Restated, the form is not included in the record on appeal, as required. As discussed *infra*, because the

2

disposition of this appeal does not turn on whether Crooks received the motion, we need not address whether it was served on him through his mother.)

More than five months later, not having received from Crooks a response to the motion, the district court dismissed this action. Although Defendants had moved to dismiss, their motion was treated as one for summary judgment.

## II.

Crooks maintains:  he never received Defendants' motion; therefore, summary judgment was improper.  As noted, we need not address whether Crooks was served.  Assuming he was not, this failure constitutes harmless error.

As described, although Defendants filed a motion to dismiss, the district court referred to it as one for summary judgment and considered evidence outside the complaint (a grievance resolution form Defendants submitted).  Of course, district courts have such authority, *see* FED. R. CIV. P. 12(b); but, in doing so, the court must consider the motion under Rule 56, including application of its notice requirement.  *See* FED. R. CIV. P. 12(b) & 56(c); *e.g.,* **Washington v. Allstate Ins. Co.**, 901 F.2d 1281, 1283–84 (5th Cir. 1990).  "Whenever  a motion to dismiss is treated as a motion for summary judgment, the nonmovant is entitled to the procedural safeguards of Rule 56."  **Washington**, 901 F.2d at 1284.

3

Although our court enforces this notice requirement, "the harmless error doctrine applies to lack of notice as required by Rule 56(c)". *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1398 (5th Cir. 1994). "When there is no notice to the nonmovant, summary judgment will be considered harmless if the nonmovant has no additional evidence or if all of the nonmovant's additional evidence is reviewed by the appellate court and none of the evidence presents a genuine issue of material fact." *Id.* (quoting *Resolution Trust Corp. v. Sharif-Munif-Davidson Dev. Corp.*, 992 F.2d 1398, 1403 n.7 (5th Cir. 1993)).

Along this line, Crooks submitted the following with his notice of appeal: statements by prisoners Esquivel and Andrews; a sheriff's department disciplinary committee report; a district court order on service of process highlighted by Crooks to show Defendants were required to serve on him a copy of every paper submitted to the court; and a district court order stating Crooks could proceed IFP.

Esquivel states: he witnessed racist behavior from other Hispanics toward Crooks; the Hispanic cellmates threatened to fight Crooks, refused to let Crooks watch television in English, and stole Crooks' belongings; he remembers Crooks complaining to the Officers about the Hispanics; and the Officers knew of the situation, but were indifferent to it.

4

Andrews states: he witnessed Crooks' beating, including a "gang of Hispanics jumping on [Crooks]"; it could have been avoided; everyone knew there was a problem in Crooks' cell over the television; he saw Crooks talking to Officers about being moved from that cell; and, after Crooks' beating, the cell was changed to house only English-as-a-Second-Language inmates.

The disciplinary committee report reflects that Crooks reported his attack and claimed that he had complained previously in seeking to be moved. (A handwritten note by Crooks on the report asserts that he said more to the Officers that was not incorporated in the report.) The report states the incident was treated as a riot for which Crooks was sanctioned with a 20-day loss of privileges, probated for 30 days. (Crooks asserts this shows Defendants' attempt to hide their conduct, because if he had instigated a riot, his punishment would have been more severe than probation.)

A.

The summary judgment ruling was premised on the fact that Defendants' conduct could not give rise to liability in their official capacities. Such liability, pursuant to claims under § 1983, can attach only when the claimed unconstitutional conduct implements or executes a policy or when a constitutional deprivation results from governmental custom. *Monell v. New York Dep't of Social Serv.*, 436 U.S. 658, 690-91 (1978). An isolated

5

incident is not sufficient to show such a custom. *Palmer v. City of San Antonio*, 810 F.2d 514, 516 (5th Cir. 1987) (holding that official policy is either a statement officially adopted by a municipality or a persistent widespread practice of municipality employees which is common and well established), *overruled in part by* *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993).

Three of the above-described documents submitted with Crooks' notice of appeal relate to Defendants' refusal to move him to a different cell. That conduct, even if assumed to be unconstitutional, does not reflect a policy or custom sufficient to establish liability through Defendants' official capacities.

B.

Defendants' motion also claimed qualified immunity (individual capacities). The summary judgment ruling does not address that claim, other than to state: Defendants "could not have legally done what [Crooks] would have preferred"; and Crooks did not claim Defendants "instigated the assault on him or that they failed to intervene to stop it and the riot".

In deciding whether a defendant is entitled to such immunity, the court first determines whether the plaintiff alleged violation of a clearly established constitutional right. *E.g., Williams v. Bramer*, 180 F.3d 699, 702 (5th Cir. 1999). If the court rules such

6

a violation is alleged, it next determines whether the defendant's conduct was then objectively unreasonable. *Id*.

Documents provided with Crooks' notice of appeal are insufficient to show violation of a clearly established constitutional right by Defendants' not moving him from a cell in which he was a racial minority. Therefore, we need not address whether Defendants' conduct was objectively unreasonable.

### III.

For the foregoing reasons, the summary judgment is

*AFFIRMED*.