United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60461
Summary Calendar
_____

WINFRED FORKNER,

Plaintiff-Appellant,

versus

WILKINSON COUNTY,

Defendant-Appellee.

-----------------------------------------------------------

WINFRED FORKNER,

Plaintiff-Appellant,

versus

WILKINSON COUNTY; REGINALD JACKSON,
Individually and in his official capacity as
Sheriff of Wilkinson County, Mississippi;
PATNICH PATTERSON, Chief Deputy, individually
and in his official capacity; ANGELIA PACKNETT, Deputy,
individually and in her official capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:01-CV-203-BrSu
USDC No. 5:02-CV-494
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Winfred Forkner, Mississippi prisoner # K5766, seeks leave to proceed in forma pauperis ("IFP") to appeal the district court's dismissal of his 42 U.S.C. § 1983 lawsuit asserting claims of false arrest, false imprisonment, fraudulent prosecution, and unconstitutional conditions of confinement. By moving for leave to proceed IFP, Forkner is challenging the district court's certification that his appeal was not taken in good faith because it is frivolous. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5). However, Forkner has not demonstrated any nonfrivolous ground for appeal.

Forkner's claims of false arrest and imprisonment rest on his allegation that he was acquitted of the burglary charges against him. He ignores the fact, as demonstrated by the undisputed summary-judgment evidence, that although he was acquitted on one count of the two-count burglary indictment at issue, he was convicted on the other count. Because his conviction on the burglary charge necessarily implies that probable cause existed for his arrest, he cannot prevail on his false-arrest and false-imprisonment claims. See Sappington v. Bartee, 195 F.3d 234, 237 (5th Cir. 1999); Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995). Forkner's conviction similarly defeats his malicious-prosecution claim. See Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999).

The summary-judgment dismissal of the conditions-of-confinement claims also provides no basis for appeal. The defendants' summary-judgment evidence shows no constitutional violation, and, even if Forkner's self-serving, conclusional allegations were sufficient to raise a material factual dispute regarding the conditions of his confinement at Wilkinson County Jail, he has never alleged or demonstrated any resulting injury, which defeats the claims. See Memphis Community School Dist. v. Stachura, 477 U.S. 299, 308-09 (1986).

The IFP motion is DENIED, and the appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202; 5TH CIR. R. 42.2. Both the district court's dismissal and this court's dismissal of the instant appeal count as strikes for purposes of 28 U.S.C. § 1915(g). See 28 U.S.C. § 1915(e)(2); Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Forkner is CAUTIONED that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.