# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2012

No. 10-11061
Summary Calendar

Lyle W. Cayce
Clerk

KAMAL K. PATEL,

Plaintiff-Appellant

v.

JOSEPH HARO, Warden - FCI Big Spring; W. A. SHERROD, Associate Warden;
TREVINO TAPIA, Associate Warden; WAYNE "ATILLA THE HUFF"
HUFFMAN, Supervisor of Education/Industries; JOHN CLINTON, Captain;
SHERRY JACOBSON, Unit Manager; JIMMIE WRIGHT, Chaplain; M.
GOMEZ, Lieutenant; D. WHITE, Lieutenant; LINDA PATTON, Case Manager;
CATHY NEW, Case Manager; C. OLIVAS, Correctional Counselor;
COUNSELOR R. SPEAKER, Correctional Counselor; FNU FRESHOUR,
Mailroom Clerk; J. PEREZ, Correctional Counselor; ONE JOHN DOE, Identified
as Inmate Systems Manager; RUBEN HERNANDEZ, Lieutenant; R. RANGEL,
SIS Lieutenant; FNU DAVIS, Special Housing Lieutenant; FNU WOODS,
Special Housing Lieutenant; FNU ADAMS, Case Manager Coordinator; SEAN
MARLER, Regional Designator,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:05-CV-225

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-11061

Kamal K. Patel, federal prisoner # 56496-080, filed a verified pro se civil rights complaint against the United States, the Bureau of Prisons (BOP), 28 current and former BOP officials, two former BOP inmates, and a contract physician. He sought relief for constitutional violations under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 402 U.S. 388 (1971), as well as relief under various federal statutes. The district court dismissed several claims and defendants pursuant 28 U.S.C. § 1915 on February 21, 2008, and the court certified under Federal Rule of Civil Procedure 54(b) that there was no just reason to delay entry of a final judgment. Patel did not appeal at that time.

He consented to have the magistrate judge (MJ) decide his remaining claims, and the MJ granted the defendants' summary judgment motion and denied Patel's motion for partial summary judgment. The MJ then dismissed without prejudice the claims against defendant Joseph Haro for failure to effect service and entered a final judgment in the case. Less than 28 days later, Patel filed a document disputing the district court's finding that Haro had not been served, pursuant to Federal Rule of Civil Procedure 59(e). *See Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (construing a post-judgment motion filed within the then-applicable 10-day filing period for Rule 59(e) motions as filed pursuant to Rule 59(e)). In addition, Patel filed a motion for leave to appeal in forma pauperis (IFP), which the MJ granted. The IFP motion served as a timely notice of appeal as to both the district court's grant of summary judgment and its dismissal of Patel's claims against Haro.

We ordered a limited remand for the district court to address Patel's Rule 59(e) motion. The district court found that Haro was in fact served, and the court vacated the order dismissing the claims against him. However, the district court refused to enter a default judgment despite Haro's failure to answer, finding that the MJ's grant of summary judgment in favor of the other defendants inured to Haro's benefit. Upon the entry of the order disposing of

Patel's Rule 59(e) motion, his IFP motion became effective as a notice of appeal. *See* FED. R. APP. P. 4(a)(4)(B)(i); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

We affirm the denial of Patel's request for appointment of counsel because he has not shown extraordinary circumstances warranting such an appointment. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). For the same reason, we deny his request for appointment of counsel on appeal.

Patel argues that the district court erred in dismissing his civil rights claims, some of which were dismissed in the district court's Rule 54(b) final judgment. A timely notice of appeal is mandatory and jurisdictional in a civil case. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Patel had 60 days from the February 21, 2008 entry of the Rule 54(b) judgment to appeal. *See* 28 U.S.C. § 2107(b); FED. R. APP. P. 4(a)(1)(B); *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002). Because he failed to do so, we lack jurisdiction to review the dismissal of the claims and parties in the Rule 54(b) judgment. *See Bowles*, 551 U.S. at 214; *Frazier v. Bd. of Trs. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1281-84 & n.10 (5th Cir. 1985). Accordingly, we dismiss for lack of jurisdiction Patel's arguments regarding the following issues and parties: claims under the FTCA, claims against David Duke, claims against W.A. Sherrod, Sherry Jacobson, Joseph Haro, Ronald Thompson, Harrell Watts, and John Clinton in Count 1 of the complaint regarding alleged retaliatory threats, claims in Count 12 of the complaint alleging retaliation in the form of denial of postage, claims in Count 16 of the complaint regarding prison conditions, claims in Counts 17 and 20 of the complaint alleging that the denial of medical care constituted retaliation and deliberate indifference, claims in Count 21 of the complaint alleging denial of his right of due process and access to the courts, claims under the Privacy Act, and conspiracy claims, as well as all claims against the United States, the BOP, Ronald Thompson, Harold Watts, and Dr. Ricardo Partida.

Patel argues that the MJ erroneously construed his failure-to-protect claim in Count 10(b) and (c) of the complaint.  However, the district court rejected the MJ's recommendation to dismiss the claim altogether, and Patel has failed to brief any challenge to the ultimate denial of the claim as to those defendants. *See McRae v. Hogan*, 576 F.2d 615, 617 (5th Cir. 1978) (holding that this court lacks jurisdiction to decide moot questions); *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (holding that arguments not briefed are abandoned).

We review the grant of summary judgment de novo, using the same standard as that employed by the district court. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).[1]  We construe "all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted).

In the summary judgment context, a government official need only plead qualified immunity, which then shifts the burden to the plaintiff. *See Gates v. Tex. Dep't of Protective and Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008). The plaintiff must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that a genuine dispute exists regarding the reasonableness of the official's conduct. *See id.*; FED. R. CIV. P. 56(a).

Patel's challenge to the denial of a continuance for further discovery fails because he has not provided any specific facts that suggest additional time for discovery would have enabled him to locate information that would have successfully rebutted the defendants' summary judgment motion. *See*

---

[1] Following the MJ's entry of summary judgment in this case, Rule 56 was amended, but "[t]he standard for granting summary judgment remains unchanged." FED. R. CIV. P. 56 advisory committee's note (2010 Amendments).

*Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Although Patel argues that the district court erred in granting summary judgment on several retaliation claims that were not contested by the defendants, the motion for summary judgment did in fact address them. Patel contends that a report by the Justice Department's Office of the Inspector General supported his claims, but the report was not competent summary judgment evidence based on personal knowledge. *See* FED. R. CIV. P. 56(c)(4).

In addition, Patel challenges the dismissal of his mail claims, but this court has held that the violation of a prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional rights. *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993). Patel fails to identify cite particular parts of materials in the record to show a genuine dispute as to whether Roberto Rangel in fact "seized" and "censored" his letter to a newspaper in the face of Rangel's sworn declaration to the contrary. *See* FED. R. CIV. P. 56(e); *Gates*, 537 F.3d at 419. With respect to the claim that Rangel opened and read an item of his outgoing mail, Patel failed to establish that Rangel's "allegedly wrongful conduct violated *clearly established* law." *Gates*, 537 F.3d at 419 (emphasis added); *see also Busby v. Dretke*, 359 F.3d 708, 721 (5th Cir. 2004).

Patel challenges the dismissal of his due process claim that the denial of review hearings during his four months of segregation in the Special Housing Unit violated his due process rights in light of federal regulations. The BOP's failure to follow procedural regulations does not necessarily violate due process because "constitutional minima may nevertheless have been met." *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989). "[T]he threshold question necessary for any finding of a violation of a prisoner's right to procedural due process" is "whether he had a liberty interest that the prison action implicated or infringed." *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007) (internal quotation marks and citation omitted). "[T]he touchstone of the inquiry into the existence

of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is *not the language of regulations regarding those conditions* but the nature of those conditions themselves in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (emphasis added) (internal quotation marks and citation omitted). We have held that confinement on lockdown status for 13 months without a hearing did not pose an atypical or significant hardship on an inmate, *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008). We affirm the dismissal of the due process claim.

Patel challenges the dismissal of his equal protection claim, but he does not explain how *he* was treated differently from similarly situated prisoners. "*Bivens* affords *the victim* of unconstitutional conduct by a federal actor or agent a direct remedy under the Constitution." *Abate*, 993 F.2d at 110 (emphasis added). Patel argues that the MJ relied on incompetent summary judgment evidence submitted by the defendants, including an unsigned declaration, but the signed declarations of other BOP officials attest to the same facts based on personal knowledge. *See* FED. R. CIV. P. 61 (harmless error rule).

Patel's challenge in his opening brief to the district court's initial dismissal of his claims against Haro for failure to effect service is now moot because the district court vacated that ruling on remand. *See McRae*, 576 F.2d at 617. In his supplemental brief, Patel argues that the district court erred in again dismissing the claims against Haro. We hold that the district court did not err in allowing Haro to benefit from the favorable disposition of the appearing defendants' summary judgment motion. *Lewis v. Lynn*, 236 F.3d 766, 767-68 (5th Cir. 2001).

AFFIRMED.