# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 6, 2012

No. 11-30864
Summary Calendar

Lyle W. Cayce
Clerk

PAT TERRY,

Plaintiff-Appellant

v.

JAMES LEBLANC; LYNN COOPER; JOHN DOE VAJNAR; ROBERT
HENDERSON; JOE RUEBUSH; JOHN CRAWFORD,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CV-112

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Pat Terry, Louisiana prisoner # 550371, sued under 42 U.S.C. § 1983, alleging that prison officials were deliberately indifferent to his medical needs. In this interlocutory appeal, Terry challenges the district court's denial of his motion for a preliminary injunction. Additionally, the instant appeal challenges the district court's denial of Terry's motion to compel discovery.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30864

Interlocutory orders denying preliminary injunctions are immediately appealable as an exception to the final judgment rule.  28 U.S.C. § 1292(a)(1); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991).  However, we lack jurisdiction to decide moot questions or issues that cannot affect the rights of the parties to the appeal.  *McRae v. Hogan*, 576 F.2d 615, 617 (5th Cir. 1978).  While this appeal was pending, the district court entered a final judgment dismissing Terry's suit, which included a request for permanent injunctive relief.  The entry of a final judgment regarding permanent injunctive relief moots any order regarding temporary injunctive relief.  *See Louisiana World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1038 (5th Cir. 1984).

With regard to the order denying Terry's discovery motion, Terry points to no authority vesting us with jurisdiction to grant him relief in this appeal. The district court's denial was entered before final judgment was entered, and we are without jurisdiction to review such an order in an interlocutory appeal. *See* § 1292(a)(1); *Texaco Inc. v. Louisiana Land & Exploration Co.*, 995 F.2d 43, 44 (5th Cir. 1993).

APPEAL DISMISSED.