# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30989

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2015

JAUVE COLLINS,

Plaintiff-Appellant

Lyle W. Cayce
Clerk

v.

TRISH FOSTER, Individual Capacity Official,

Defendant-Appellee

Appeals from the United States District Court for the
Middle District of Louisiana
USDC No. 3:13-CV-232

Before SMITH, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jauve Collins, Louisiana prisoner # 551251, moves for leave to proceed in forma pauperis (IFP) on appeal from the grant of summary judgment for the defendant in part and the dismissal in part of his 42 U.S.C. § 1983 action. Collins alleged that Trish Foster, the Legal Programs Director at the Louisiana State Penitentiary, reviewed his legal mail outside of his presence in violation of his constitutional rights and that Foster interfered with his right of access to the courts. The district court granted Foster summary judgment on the legal

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

mail claim and dismissed the access to courts claim for failure to state a claim. The district court also denied Collins's motion for leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

By moving to proceed IFP in this court, Collins is challenging the trial court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). This court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

On appeal, Collins argues that he was not served with a copy of Foster's motion for summary judgment or given an opportunity to respond. Collins did not present any additional arguments or evidence that he would have raised in an opposition to Foster's motion if he had been served. The entry of the summary judgment despite the lack of notice to Collins was harmless error because Collins has not presented any additional evidence to establish that there was a genuine issue of material fact. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1397-98 (5th Cir. 1994); *Crooks v. Thomas*, 78 F. App'x 981, 982-84 (5th Cir. 2003).

Next, Collins argues that the district court erred in holding that he did not have a constitutional right to be present when his legal mail is opened. The district court did not err in denying this claim. This court has held that prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected. *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993); *Patel v. Haro*, 470 F. App'x 240, 244 (5th Cir. 2012).

Collins does not address or identify any error in the district court's dismissal of his claim that Foster interfered with his right of access to the courts. By failing to brief this issue adequately, he has abandoned it on appeal.

*See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Nonetheless, the district court did not err in dismissing this claim because Collins did not demonstrate that Foster prevented him from filing a state or federal habeas application. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Finally, Collins asserts that the district court did not address his claim that Foster violated his equal protection and due process rights. He maintains that he raised this claim at the *Spears* hearing and that the district court erred in declining to address it based on its finding that he raised the claim for the first time in his motion for summary judgment. Because Collins's claim lacks merit, the court need not decide whether the district court erred in not addressing it. Collins has not shown that Foster violated his equal protection rights as he failed to identify similarly situated prisoners and failed to show that he was intentionally treated differently from any other prisoners absent a rational basis. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000). In addition, Collins has not shown that Foster violated his due process rights as he has not demonstrated that he was deprived of a constitutionally protected life, liberty, or property interest. *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

In view of the foregoing, Collins has not shown that he will raise a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 219-20. Accordingly, IT IS ORDERED that Collins's motion to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Collins is ADVISED that if he accumulates three strikes, he will not be

able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).