# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-60044
c/w No. 16-60691

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2017

Lyle W. Cayce
Clerk

————

WINFRED FORKNER,

Plaintiff-Appellant

v.

MARSHALL FISHER, sued individually and in their official capacities;
RAYMOND T. BYRD, sued individually and in their official capacities;
MARSHALL TURNER, sued individually and in their official capacities; MIKE
HATTEN, sued individually and in their official capacities; RONALD
WOODALL, sued individually and in their official capacities,

Defendants-Appellees

————————————

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CV-96

————————————

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Winfred Forkner, Mississippi prisoner # K5766, filed a civil rights action
against several defendants. According to his factual allegations, Forkner has
Hepatitis C, which is being monitored through laboratory tests. Forkner

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-60044
c/w 16-60691

claimed that, by refusing to provide medication or other treatment for his Hepatitis C condition, the defendants had been deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth Amendment. In his complaint, Forkner requested a preliminary and permanent injunction, as well as compensatory and punitive damages.

Forkner moved for a preliminary injunction and for partial summary judgment, but the district court denied these motions in a single order. He also objected to the magistrate judge's grant of a request by one of the defendants to extend the time for filing dispositive motions, but the district court issued an order overruling his objection. Prior to the issuance of final judgment, Forkner filed a timely notice of appeal from the above orders, as well as other pretrial orders. The appeal was assigned No. 16-60044, and the district court denied Forkner's request to proceed in forma pauperis (IFP) on appeal.

The district court ultimately granted summary judgment in favor of all defendants, thereby effectively ending the litigation. *See Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198, 204 (1999). At this point, Forkner could have filed an appeal to this court; instead, approximately 41 days after entry of final judgment, Forkner moved for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). The district court denied the Rule 60(b)(4) motion. Forkner timely appealed from that denial, and the district court denied Forkner's request to proceed IFP on appeal, certifying that the appeal was not taken in good faith. The appeal from the denial of the Rule 60(b)(4) motion was assigned No. 16-60691.

Forkner now moves to proceed IFP in both appeals. In the interest of judicial economy, we consolidate the appeals. *See* FED. R. APP. P. 3(b)(2); *United States v. Rodriguez*, 564 F.3d 735, 737 (5th Cir. 2009). Forkner's motion for reconsideration of the denial of his motion for a stay is denied.

No. 16-60044
c/w 16-60691

As to his IFP motion in No. 16-60044, we lack jurisdiction over the appeal to the extent Forkner seeks to challenge the denial of his motion for a preliminary injunction, as the entry of final judgment renders moot the order regarding preliminary injunctive relief. *See Louisiana World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1038 (5th Cir. 1984); *McRae v. Hogan*, 576 F.2d 615, 617 (5th Cir. 1978). Forkner's challenge to the denial of partial summary judgment cannot be considered. *See Ardoin v. J. Ray McDermott & Co.*, 641 F.2d 277, 278-79 (5th Cir. 1981). Finally, in view of the broad discretion enjoyed by the district court in such matters, *see Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995), Forkner's appeal of the order extending the deadline for filing dispositive motions is frivolous. In view of the foregoing, we deny Forkner's IFP motion and dismiss the appeal in No. 16-60044 in part for lack of jurisdiction as moot and in part as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

In No. 16-60691, Forkner asserts in his IFP motion that he is in imminent danger of serious physical injury within the meaning of 28 U.S.C, § 1915(g) due to his Hepatitis C condition. However, Forkner makes no attempt to show that the district court's judgment dismissing his civil rights action was void for purposes of Rule 60(b)(4). We deny Forkner's IFP motion and dismiss the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissals of the instant appeals as frivolous, in part or in whole, count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Previously, Forkner incurred two strikes under § 1915(g) based on the dismissal as frivolous of a civil rights action and the dismissal of his appeal as frivolous. *See Forkner v. Wilkinson Cty.*, 112 F. App'x 336, 337 (5th Cir. 2004). Forkner is hereby advised that because he has now

No. 16-60044
c/w 16-60691

accumulated at least three strikes under § 1915(g), he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEALS CONSOLIDATED; IFP MOTIONS DENIED; MOTION FOR RECONSIDERATION DENIED; APPEAL IN NO. 16-60044 DISMISSED IN PART FOR LACK OF JURISDICTION AS MOOT AND IN PART AS FRIVOLOUS; APPEAL IN NO. 16-60691 DISMISSED AS FRIVOLOUS; THREE STRIKES BAR IMPOSED.