# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-60109

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2019

Lyle W. Cayce
Clerk

JOSEPH THOMAS; VERNON AYERS; MELVIN LAWSON,

> Plaintiffs - Appellees

v.

PHIL BRYANT, Governor of the State of Mississippi, all in the official capacities of their own offices and in their official capacities as members of the State Board of Election Commissioners; DELBERT HOSEMANN, Secretary of State of the State of Mississippi, all in the official capacities of their own offices and in their official capacities as members of the State Board of Election Commissioners,

> Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-441

Before HAYNES and COSTA, Circuit Judges. [1]

PER CURIAM:*

---

[1]  This order is being entered by a quorum of this court pursuant to 28 U.S.C. § 46(d).

*  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60109

Phil Bryant, Governor of the State of Mississippi, and Delbert Hosemann, Secretary of State of the State of Mississippi (collectively, "the State") appealed the district court's order concluding that the boundaries of Mississippi Senate District 22 violate § 2 of the Voting Rights Act and moved for a stay pending appeal. We DISMISS the appeal.

On February 16, 2019, following a bench trial, the district court issued findings of fact and conclusions of law in favor of the plaintiffs. But the district court declined to order specific relief, instead allowing the Mississippi legislature to consider whether to redraw District 22 or extend the qualification deadline for candidates in the affected districts. The State appealed the district court's order and filed a motion to stay pending appeal in this court pursuant to 28 U.S.C. § 1292(a)(1), which provides appellate jurisdiction over "[i]nterlocutory orders of the district courts . . . granting . . . injunctions." After the State appealed, the district court issued a final judgment on February 26, this time granting specific relief requiring the Mississippi legislature to amend the boundaries of Districts 22 and 23 to conform with one of the plaintiffs' proposed plans and to extend the candidate qualification deadline in Districts 22 and 23 from March 1 to March 15.

Because the district court's final judgment granted relief that varied from its interlocutory order, the interlocutory order is now moot. *See La. World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1038 (5th Cir. 1984); *see also Johnson v. Thaler*, 459 F. App'x 448, 448–49 (5th Cir. 2012) (per curiam).[2] We lack jurisdiction over moot issues. *McRae v. Hogan*, 576 F.2d 615, 617 (5th Cir. 1978) (per curiam). Thus, we DISMISS the State's appeal of the district court's interlocutory order for lack of jurisdiction. Yesterday the State filed a notice

---

[2] "An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority. 5th Cir. R. 47.5.4." *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

No. 19-60109

of appeal from the final judgment.  That appeal is the avenue for seeking any relief related to the final judgment.